**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 02-30043-05** |
| **VERSUS** | * | **JUDGE JAMES** |
| **KERRY DWAYNE NATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 484) filed on behalf of defendant, Kerry Dwayne Nation ("Nation"). The Government opposes Nation's motion. (Document No. 486). For reasons stated below, it is recommended that the motion be **DENIED.**

### BACKGROUND

On August 18, 2003, following jury selection but before the jury was sworn, pursuant to a written plea agreement, the defendant, Kerry Dwayne Nation, pleaded guilty to a bill of information charging him with conspiracy to possess with intent to distribute five grams or more of cocaine base. (Rec. Docs. 204, 239-240, 242-243).

At the time of the guilty plea, Nation's attorney indicated that the government did not intend to file an information for a career offender enhancement under 21 U.S.C. § 851, which would have exposed the defendant to life imprisonment. According to the attorney, the government had also indicated that it would not object to a minimum sentence within the guideline range. (Guilty Plea Tr., p. 2). Later, the government agreed to that description of the plea negotiations. (Guilty Plea Tr., p. 13).

On October 24, 2003, after objecting to the pre-sentence investigation report, Nation filed

a motion to withdraw his guilty plea. (Rec. Doc. 262). At the hearing on this motion, Nation's attorney stated that during plea negotiations he had taken the position that the career criminal enhancement under U.S.S.G. § 4B1.1 did not apply to the defendant and that the government had opined that this section would not apply to the defendant because the defendant's prior offense of using a communication facility in furtherance of a drug trafficking crime was not a drug trafficking crime for the purposes of U.S.S.G. § 4B1.1. (Tr. of Hearing on Nov. 5, 2003, pp. 2-3).

The attorney stated that because the government had told him this particular sentencing guideline would not apply, he felt secure in telling his client the same. The government responded, "However, in my recollection, it was more along the lines when asked whether or not I felt 843 were a drug trafficking offense within the meaning of the career enhancement statute, I said I did not think it was." The government clarified that there had been no negotiations about the application of that guideline. (Tr. of Hearing on Nov. 5, 2003, p. 8).

The government also explained that Nation had agreed to plead guilty before trial because he realized that if he were convicted and if the government filed for an enhancement under 21 U.S.C. § 851, he would face life imprisonment. (Tr. of Hearing on Nov. 5, 2003, p. 9). In reply, Nation's attorney did state, "I will stipulate for the record that there was no actual agreement between the defendant and the government over the issue of whether 4B1.1 applies because there was no disagreement. So we didn't need to negotiate for it." (Tr. of Hearing on Nov. 5, 2003, pp. 10-11).

On December 4, 2003, the attorney representing Nation, Cameron Murray, filed a motion to withdraw as attorney. On December 8, 2003, the Court issued an order denying Nation's motion to withdraw his guilty plea. (Rec. Docs. 296-297).

On December 18, 2003, prior to sentencing, Nation's attorney withdrew his motion to withdraw as counsel. (Rec. Doc. 320). The sentencing was continued, but on January 30, 2004, Nation was sentenced to 210 months imprisonment. Upon release from imprisonment he will be placed on supervised release for four years. The indictment pending against Nation was dismissed. (Rec. Doc. 347).

On July 6, 2005, the United States Court of Appeals for the Fifth Circuit affirmed Nation's conviction and sentence, as well as the district court's denial of the defendant's motion to withdraw his guilty plea. (Rec. Doc. 467). The Fifth Circuit, however, declined to address Nation's claim that his withdrawal was based on ineffective assistance of counsel. The decision was entered into the district court record on July 29, 2005, and Nation filed the instant motion on December 19, 2005.

## LAW AND ANALYSIS

<u>The Law of § 2255 Actions</u>

Issues that a defendant can present in a motion filed under 28 U.S.C. § 2255 are limited. There are, essentially, four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. den.*, 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in

rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 1624 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076 (1992). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *en banc, cert. denied*, 112 S.Ct. 978 (1992)); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," pursuant to a narrow exception, a defendant may be entitled to relief under 28 U.S.C. § 2255 if the error of a constitutional nature would result in a complete miscarriage of justice. *Murray v. Carrier*, 477

4

U.S. 478, 495-6 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232. Without a "colorable showing of factual innocence," the defendant fails to show a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

In this case, Nation appealed the district court's denial of his motion to withdraw, claiming that he was misinformed about the applicability of the career criminal enhancement section of the Sentencing Guidelines. The Fifth Circuit, however, rejected Nation's argument and affirmed the district court's ruling. Thus, to the extent that Nation reiterates the claims and arguments that were raised and rejected on direct appeal, those claims cannot be considered in a motion under section 2255. *Segler*, 37 F.3d at 1134; *Kalish*, 780 F.2d 508; *Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *see also Bousely v. United States*, 523 U.S. 614, 621 (1998). Nation's remaining claim is that his guilty plea was invalid as a result of ineffective assistance of counsel because his attorney erroneously advised him that the career criminal enhancement provision of the Sentencing Guidelines would not apply.

Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F.2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F.2d 733, 735 (5th Cir. 1992). However, not all ineffective assistance of counsel claims are cognizable for the first time on collateral attack absent proof of "manifest injustice." Substandard advice of counsel rises to a constitutional

5

violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-7 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Id.*

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). In addition, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Strickland* at 689-690. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *See also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a

meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In the context of challenging a guilty plea, prejudice is present if there is a reasonable probability that, absent counsel's errors, the defendant would not have entered a guilty plea and, instead, would have insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994).

By challenging a guilty plea with a claim for ineffective assistance of counsel, a defendant is restricted to only challenging the voluntariness of the guilty plea. "A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *see also United v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Additionally, regardless of counsel's performance, a "conviction should be upheld if the plea was voluntary," because, if it was, "there is 'no actual and substantial disadvantage' to the defense." *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). Thus, the Court's inquiry under Nation's claim for ineffective assistance of counsel is limited to whether counsel's alleged erroneous advice regarding the Sentencing Guidelines rendered Nation's guilty plea involuntary.

A review of the transcripts and documents related to Nation's guilty plea demonstrates that the plea was voluntary and unaffected by counsel's erroneous advice. First, sworn statements made in open court during a plea hearing and documents signed by the defendant at the time of the guilty plea are entitled to strong evidentiary weight. *See United States v. Martinez-Molina*, 64 F.3d 719, 733 (5th Cir. 1995); *United States v. Abreo*, 30 F. 3d 29, 32 (5th Cir. 1994).

7

Second, Nation's plea colloquy covering his understanding of the maximum penalties, the conditions of his plea agreement, and the operation of the Sentencing Guidelines give no reason to doubt the voluntariness of his plea.

At Nation's plea hearing the Court asked him, "Have you and your attorney talked about the maximum possible sentence and fine that I could impose on the charge if you plead guilty?" (Guilty Plea Tr., p. 11). Nation responded in the affirmative. The Court further explained to Nation that the maximum possible penalty was a term of imprisonment of not less than five years nor more than forty years. Nation indicated that he understood the maximum possible sentence. (Guilty Plea Tr., p. 12).

The Court further asked him, "Has anyone threatened you, leaned on you, or forced you to plead guilty, or told you that if you do not plead guilty, further charges would be brought against you or that adverse action would be taken against you." (Guilty Plea Tr., p. 12). Nation's attorney stated, "The only addition would be the potential filing of the petition of enhancement." The attorney stated that the government had agreed that it would not file that enhancement if the Nation pleaded guilty. The government confirmed as accurate that description of the government's agreement not to file an enhancement. (Guilty Plea Tr., p. 13).

In response to the question, "Mr. Nation, is that your understanding of the substance of the plea agreement that you have entered into with the U.S. Attorney," Nation responded, "Yes, sir." (Guilty Plea Tr., p. 14). The Court specifically asked Nation, "Mr. Nation, has anyone made any promise other than those contained in the plea agreement that induced you to plead guilty?" Nation, again, responded, "No, sir." (Guilty Plea Tr., p. 14).

The Court further stated, "Do you understand that the Court will not be able to determine the guideline sentence for your case until after the presentence investigation report has been

8

completed?" Nation responded in the affirmative. The Court asked, "Do you understand that if the sentence is more severe than you expected, you will still be bound to your plea and will have no right to withdraw it?" Nation, again, responded in the affirmative. (Guilty Plea Tr., p. 15). Most importantly, the Court then asked, "Now, has anyone made any prediction, prophecy or promise to you as to what your sentence will be?" Nation, contrary to his allegations under this motion, responded in the negative. (Guilty Plea Tr., p. 16).

The plea agreement, which Nation signed, indicates that his term of imprisonment could not be less than five years and not more than forty years. The plea agreement further provides that he understood that a final determination of the applicable guidelines range could not be determined until the pre-sentence investigation report was prepared. The plea agreement contains a paragraph which provides, "This is the entire plea agreement between the United States Attorney's Office and the Defendant and is entered into freely, knowingly and voluntary with no threats or coercion after due consultation with counsel." (Rec. Doc. 242).

In an affidavit, entitled "Understanding of Maximum Penalty and Constitutional Rights," Nation attested that "Aside from the language in the plea agreement I further declare that my plea in this matter is free and voluntary and it has been made without any threats or inducement whatsoever from anyone associated with the State or United States Government or my attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged." (Rec. Doc. 243).

As is evident from the statements and documents described above, Nation's guilty plea was voluntarily tendered, regardless of whether his counsel provided him with erroneous advice. Other than merely stating that "it is reasonably probable that he pleaded guilty only as a result of counsel's bad advice," Nation has failed to provide any evidence to refute the clear impression

9

from his plea hearing and plea agreement that he voluntarily pleaded guilty or that, even if his attorney had told him that the enhancement might apply, he would have chosen to go to trial knowing that he faced life in prison as a career offender if convicted at trial. Therefore, for the reasons stated above, it is recommended that Nation's motion be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE