U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 02 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 02-30043-05 |
| VERSUS | JUDGE ROBERT G. JAMES |
| KERRY NATION | MAG. JUDGE KAREN L. HAYES |

## RULING ON OBJECTIONS TO PRE-SENTENCE REPORT

**OBJECTION #1**: Defendant objects to paragraph 34 of the Pre-Sentence Report on the basis that neither of his two prior convictions qualifies as a crime of violence or controlled substance offense, and, thus, he should not have been designated as a career criminal.

The career offender enhancement provision, U.S.S.G. § 4B1.1, applies to defendants with at least two prior convictions of a controlled substance or crime of violence offense. The term "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The term "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In this case, Defendant has two prior convictions that the probation officer relied on: his January 9, 1991 conviction for 2 counts of use of a communication and facility to possess with the intent to distribute cocaine and his August 22, 1991 conviction for aggravated possession of a controlled substance. The Court will address each conviction in turn.

First, Defendant's conviction for use of communication facility to possess with the intent to distribute cocaine is a controlled substance offense. The application notes following U.S.S.G. § 4B1.2 specifically state that "[u]sing a communications facility in committing, causing, or facilitating a drug offense (21 U.S.C. § 843(b)) is a 'controlled substance offense' if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a 'controlled substance offense.'" U.S.S.G. § 4B1.2, n.1. Possession with the intent to distribute cocaine is clearly a controlled substance offense, so this conviction was properly counted against Defendant.

However, Defendant's conviction for aggravated possession of cocaine does not meet the criteria for a controlled substance offense or a crime of violence. Under the Texas statute for aggravated possession of a controlled substance, a person commits a first degree felony if he "knowingly or intentionally possesses a controlled substance" of greater than 200 grams but less than 400 grams. Tx. Stat. Ann. § 481.115(a), (e). Thus, Defendant was charged and convicted of possession, not possession with intent to distribute, or another crime which constitutes a "controlled substance" offense as it is defined.

Defendant's conviction for aggravated possession of cocaine also does not meet the definition of a crime of violence. It is not an element of the offense itself that Defendant used, attempted to use, or threatened use of physical force. Additionally, Defendant's conviction does

not meet the criteria for application of the residual clause. Under application note 1 to U.S.S.G. § 4B1.2, an offense is a crime of violence if "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another."; *see also United States v. Riva*, 440 F.3d 722, 723-24 (5th Cir. 2006) (In determining whether an offense is a crime of violence under the residual clause, the court "may only look to the relevant statute and in certain circumstances to the conduct alleged in the charging document.") (citing *United State v. Charles*, 301 F.3d 309, 313-14 (5th Cir. 2002)).

In this case, neither the statute nor the indictment indicate a "serious potential risk of physical injury to another." Both the statute and the indictment indicate only that Defendant possessed a large amount of cocaine.

Accordingly, Defendant's Objection #1 is GRANTED IN PART and DENIED IN PART.[1] His January 9, 1991 conviction for 2 counts of use of a communication and facility to possess with the intent to distribute cocaine was properly determined to be a controlled substance offense. However, his August 22, 1991 conviction for aggravated possession of a controlled substance is neither a controlled substance offense nor a crime of violence. Therefore, he was improperly designated as a career offender.

**OBJECTIONS #2, 3, 4, & 5:** Based on Objection #1, Defendant also objects to the Probation Officer's findings as to Criminal History category, total offense level, and Guideline range of imprisonment. These objections are also GRANTED. Defendant's Criminal History category is now IV, his total offense level is now 25, and his Guideline range of imprisonment is

---

[1] To the extent that this written ruling is inconsistent with the Court's oral pronouncement that Objection #1 was "granted," all parties and this Court are in agreement that the written ruling properly characterizes the Court's determination of the law.

3

84-105 months.

**OBJECTION #6:** Defendant also objects to paragraph 83 of the Presentence Report on the basis that he has taken steps to rehabilitate himself and that these rehabilitative efforts are grounds for a downward departure.

As it does in every case, this Court has considered the recommended Guideline sentence, those factors under 18 U.S.C. § 3553(a), and the specific facts and circumstances in determining an appropriate sentence. In this case, the Court finds that a sentence with the Guideline range appropriately addresses Defendant's criminal conduct and the § 3553(a) factors. Defendant's Objection #6 is DENIED.

MONROE, LOUISIANA, this 2nd day of February, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE