U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 2 2009
ROBERT H. SHEMWELL, CLERK
BY
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 02-30043-05 |
| VERSUS | JUDGE ROBERT G. JAMES |
| KERRY NATION | MAG. JUDGE KAREN L. HAYES |

\* \* \* \* \* \* \* \* \* \* \* \*

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the Guideline ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). Amendment 706 has been made retroactive effective March 3, 2008. *Burns*, 526 F.3d at 861; U.S.S.G. § 1B1.10(c).

Under 18 U.S.C. § 3582(c)(2), which provides for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission under 28 U.S.C. § 994(u), the Court began reviewing those defendants affected by the amendments to Section 2D1.1 of the Guidelines.

Defendant originally pled guilty to conspiracy to possess with the intent to distribute 5

grams or more of crack cocaine on August 18, 2003. He was sentenced on January 30, 2004, to 210 months imprisonment.

However, on December 19, 2005, Defendant filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. After proceedings both at the district and appellate court level, Defendant's § 2255 was granted, and a new trial was ordered.

On September 23, 2008, on the day Defendant's new trial was scheduled to begin, Defendant moved to continue the trial to allow him to plead guilty. The Court granted the continuance, and, on that same date, Defendant pled guilty to distribution of a mixture or substance containing cocaine base.

Following Defendant's guilty plea, the United States Probation Office reviewed his previous Pre-Sentence Report and provided updated information.

On February 2, 2009, after the Court granted certain objections to the Pre-Sentence Report, Defendant was determined to have a Guideline range of imprisonment of 84-105 months. The Court sentenced Defendant to 96 months imprisonment, within the Guideline range.

Because Defendant has now been sentenced under the amended Guidelines, he has received any reduction to which he was entitled, and the Court need not conduct any further review under 18 U.S.C. § 3582(c)(2).

RGJ